IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Anthony Thibodeaux,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. Bank N.A., as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee, Successor by Merger to First Union National Bank as Trustee, for Mid-state, Trust X, and Shellpoint Mortgage Servicing, its successors and/or assigns,<br><br>*Defendants*. | CIVIL ACTION NO.  1:25-cv-00058 |

## NOTICE OF REMOVAL

Movants U.S. Bank N.A., as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee, Successor by Merger to First Union National Bank, as Trustee for Mid-state Trust X ("U.S. Bank"), and Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" and together with U.S. Bank, collectively, "Defendants"), pursuant to 28 U.S.C. § 1441, file this Notice of Removal under federal question jurisdiction, 28 U.S.C. § 1331, and alternatively, diversity of citizenship jurisdiction, 28 U.S.C. § 1332. As grounds for this removal, Defendants state as follows:

### I.
### FACTS

1. On November 25, 2024, Anthony Thibodeaux ("Plaintiff") filed his Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Petition") in the 77th District Court of Limestone County, Texas, under Cause No. 33122-A (the

"State Court Action"), naming Defendants as the only two defendants. *See* Exhibit A, pp. 3–64. In the Petition, Plaintiff alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 *et seq.*, and its implementing Regulation X of the Code of Federal Regulations, along with state law causes of action for violation of the Texas Debt Collection Act ("TDCA"), Texas Finance Code chapter 392, and breach of contract. *Id.* Plaintiff seeks injunctive relief to enjoin a foreclosure on the subject real property, 3363 W Hwy 84, Mexia, Texas 76667 (the "Property"), and actual and exemplary damages and attorney's fees.

2. Defendants were served with the Petition on December 13, 2024. *See id.*, pp. 89–104.

3. On January 8, 2025, each Defendant filed its respective Answer and Affirmative Defenses in the State Court Action. *Id.*, pp. 117–126.

## II.
## TIMELINESS OF REMOVAL

4. Defendants were served on December 13, 2024, and file this Notice of Removal within the 30-day removal deadline set forth in 28 U.S.C. § 1446(b)(2)(B). *Id.*; FED. R. CIV. P. 6(a)(1)(C). Accordingly, this removal is timely.

## III.
## JOINDER OF ALL DEFENDANTS PROPERLY SERVED

5. Defendants, the two and only defendants in the State Court Action, jointly file this Motion.

## IV.
## FIRST BASIS FOR REMOVAL – FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

**A.    Federal Question**

6. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiffs' claim

for violations of RESPA and the implementing Regulation X arise under federal law, 12 U.S.C. § 2605 *et seq.* Accordingly, the Court has federal question jurisdiction over this claim.

**B.     Supplemental Jurisdiction**

7.      "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. This standard is subject to exceptions that do not apply here – discussed below.

8.      Here, Plaintiff's TDCA and breach of contract claims are so related to its RESPA and Regulation X claims as to give rise to this Court's supplemental jurisdiction. All of these claims arise from the same set of facts founded on the same set of mortgage documents and mortgage-loan agreements.

9.      This conclusion is supported by the S.D. Tex.'s holding under similar facts in *Ghattas v. Caliber Home Loans, Inc.*, No. H-20-77, 2020 WL 3513254, at *1 (S.D. Tex. May 26, 2020). There, the plaintiff alleged state-law claims for violations of the FDCPA, in addition to state-law claims for breach of contract, violation of the Texas Debt Collections Act, and violations of the TDPA, in connection with the defendant's servicing of a real estate loan. *Id.* There, the court denied a motion for reconsideration of denial of a motion to remand because "[t]he court may assert supplemental jurisdiction over Plaintiffs' state-law claims because they relate to Defendant's handling of Plaintiffs' mortgage, the same controversy that forms the basis for Plaintiffs' FDCPA claim" and thus "[n]o reason exists for the court to decline to exercise supplemental jurisdiction." *Id.*

10.     The exceptions to supplemental jurisdiction do not apply. 28 U.S.C. § 1367(b) does not apply because the Court's basis for original jurisdiction is federal-question jurisdiction.

11. The exceptions in 28 U.S.C. § 1367(c) does not apply because the state-law claims raised in Plaintiffs' Petition neither (1) raise a novel or complex issue of state law; (2) substantially predominate over the RESPA claim; (3) or present other exceptional circumstances or compelling reasons to decline supplemental jurisdiction. *See Ghattas*, No. H-20-77, 2020 WL 3513254, at *1. Rather, the RESPA claims are so related to the other claims as to form the same case or controversy. And the RESPA claim have not been dismissed. *See* 28 U.S.C. § 1367(c)(3). Accordingly, this Court should exercise its supplemental jurisdiction over the state-law claims.

## V.
### SECOND BASIS FOR REMOVAL – DIVERSITY JURISDICTION

12. Alternatively, the Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity and an amount in controversy in excess of $75,000.00 exclusive of interests and costs.

**C.    Complete Diversity**

13. As a natural person, **Plaintiff** is a citizen of the state in which he is domiciled; that is, the state in which he resides with the intent to remain indefinitely. *See Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003). Plaintiff is domiciled, that is, he resides with the intent to remain indefinitely, in Texas. Exhibit A, p. 4. Accordingly, Plaintiff is a citizen of **Texas** for diversity purposes.

14. **Shellpoint** is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197 (1990). Newrez has one member: Shellpoint Partners LLC, a Delaware limited liability company; Shellpoint Partners LLC has two members: NRM Acquisition LLC and NRM Acquisition II LLC, both Delaware limited liability companies; NRM Acquisition LLC and NRM Acquisition II LLC each have one member: New Residential Mortgage LLC, a Delaware limited

liability company; New Residential Mortgage LLC has one member: Rithm Capital Corp., a corporation incorporated in Delaware with its principal place of business in New York. Newrez is therefore a citizen of **Delaware** and of **New York** for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

15.     **U.S. Bank, N.A.**, is being sued in its capacity as Trustee. For the purposes of determining the citizenship of a trust, the citizenship of the trustee controls. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1989). U.S. Bank, N.A., is a national banking association, organized under the laws of the United States, with its main office as designated in its Articles of Association in Cincinnati, Ohio. A national banking association's citizenship is determined solely by the location of its main office, as designated in its articles of association. 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318, 126 S. Ct. 941, 952, 163 L. Ed. 2d 797 (2006) ("Reading § 1348 in this context, one would sensibly 'locate' a national bank for the very same purpose, i.e., qualification for diversity jurisdiction, in the State designated in its articles of association as its main office."). U.S. Bank, N.A., is therefore a citizen of **Ohio** for diversity purposes.

16.     Accordingly, because no plaintiff is the citizen of the same state as any defendant, complete diversity of citizenship exists as of the filing of this Notice of Removal.

D.      **Amount in Controversy**

17.     "The test for determining whether the amount in controversy exceeds the jurisdictional amount is whether it is more likely than not that the amount of the claim will exceed $75,000." *Polinard v. Homecomings Fin. Network, Inc.*, No. SA-06-CA-1130 FB (NN), 2007 WL 1745314, *2 (W.D. Tex. Jun. 14, 2007) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409-11 (5th Cir. 1995).

18.     As noted above, Plaintiffs seek injunctive relief to prevent foreclosure along with actual and exemplary damages and attorney's fees. "It is well established in actions in which

declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F.Supp.2d 1039, 1044 (W.D. Tex. 2010); *see also Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)).  The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); *see also Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009).

19. Here, the Limestone County Tax Assessor assessed the value with a market value of $114,920.00. *See* Exhibit B.

20. In addition, Plaintiff seeks actual and exemplary damages.  These damages must also be considered in determining the amount in controversy. *See U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001).

21. Plaintiff also seeks his attorney's fees.  Attorney's fees are also part of the amount-in-controversy calculation. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-77 (5th Cir. 2003); *Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002).

22. Taken together, the amount in controversy is in excess of $75,000.00 and removal is proper.

**E.   Venue**

23. Venue in the Waco Division of this Court is proper pursuant to 28 U.S.C. § 1441(a) because the cases pending in Limestone County, Texas, are properly assigned to this Court.

### F.     Additional Requirements

24.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and served upon Defendants are attached hereto.

25.     Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be filed with the state court in the State Court Action and a copy of the Notice of Removal will also be served on all parties.

26.     Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter, whether pursuant to FED. R. CIV. P. 8(c), FED. R. CIV. P. 12, or otherwise.

27.     Defendants reserve the right to amend or supplement this Notice of Removal. If any question arises as to the propriety of the removal, Defendants request the opportunity to present a brief and oral argument in support of their position that the case is removable. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

[*Remainder of Page Intentionally Left Blank*]

## VI.
### CONCLUSION & PRAYER

Having satisfied the requirements for removal under 28 U.S.C. §§ 1441 and 1446, U.S. Bank N.A., as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee, Successor by Merger to First Union National Bank, as Trustee for Mid-state Trust X, and Newrez LLC d/b/a Shellpoint Mortgage Servicing give notice that Cause No. 33122-A, pending in the 77th District Court of Limestone County, Texas, has been removed to this Court.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: */s/ Joshua A. Lesser*
**JOSHUA ABRAHAM LESSER**
Texas Bar No. 24116663
jlesser@bradley.com
JPMorgan Chase Tower
600 Travis Street, Suite 5600
Houston, Texas 77002
Telephone: (713) 576-0300
Facsimile: (713) 576-0301

*Attorneys For Defendants*

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record this the date of the filing hereof as follows:

Via Email and U.S. Mail

John G. Helstowski
5209 Heritage Avenue, Suite 510
Colleyville, Texas 76034
Email: jgh@jghfirm.com

Counsel for Plaintiff

*/s/ Joshua A. Lesser*
Joshua A. Lesser